Christian Elias Kernkamp (SBN 314928)
 ck@kernkamplaw.com
KERNKAMP LAW, APC
1801 Century Park E 24 FL
Los Angeles, CA 90067
Tel: (213) 214-3030

Attorneys for Plaintiffs
Variscite, Inc. and Kenneth Gay

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARISCITE, INC.; AND KENNETH GAY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CANNABIS REGULATION; AND MICHELLE GARAKIAN,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>**1. 42 U.S.C. § 1983 Dormant Commerce Clause**<br>**2. Declaratory Judgment**<br>**3. 42 U.S.C. § 1983 Dormant Commerce Clause**<br>**4. Declaratory Judgment** |

## INTRODUCTION

Plaintiffs Variscite, Inc. and Kenneth Gay ("Plaintiffs") bring this action against defendants City of Los Angeles (the "City"); Los Angeles Department of Cannabis Regulation (the "DCR"); and Michelle Garakian (collectively, "Defendants").

## PARTIES

1. Plaintiff Variscite, Inc. is a corporation organized under the laws of the State of California.

2. Plaintiff Kenneth Gay is a citizen of Michigan.

3. Defendant City of Los Angeles is a municipal corporation located in the County of Los Angeles, State of California.

4. Defendant Michelle Garakian is the Interim Executive Director of the Department of Cannabis Regulation. Plaintiffs sue Ms. Garankian in her official capacity.

5. Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and permission of one another.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. section 1331 because the action involves questions under the United States Constitution.

7. The Court has personal jurisdiction over the City because it is a citizen of California.

8. The Court has personal jurisdiction over the Department because it is a citizen of California.

9. The Court has personal jurisdiction over Ms. Garakian because, on information and belief, she is a citizen of California.  Moreover, Ms. Garakian performed the actions complained of herein while within California.

10. Venue is proper in this Judicial District under 28 U.S.C. section 1391(b)(1) because all Defendants reside in this Judicial District and under 28 U.S.C. section 1391(b)(2) because Defendants performed the actions complained of herein while within this Judicial District.

## RELEVANT FACTS

11. Plaintiffs bring this action to challenge the two unconstitutional programs under which Defendants will award the remaining available storefront retail cannabis business licenses ("Licenses") for the City of Los Angeles.

12. Defendants awarded Licenses through three prior processes.[1] Through a Phase One process that ran from January 3, 2018, to March 4, 2018, Defendants awarded Licenses to certain businesses that sold medical marijuana under California's prior medical marijuana program.  Through a Phase Three Round One process that ran from September 3, 2019, to September 17, 2019, Defendants awarded Licenses to companies affiliated with a Social Equity Individual Applicant that qualified in an online race.  Through a Public Convenience and Necessity ("PCN") process that ran from September 3, 2019, to sometime in 2020, Defendants awarded licenses to companies affiliated with a

---

[1] Ms. Garakian was not the executive of the DCR during the prior licensing programs.

Social Equity Individual Applicant that were selected by the Los Angeles City Council.

13. Defendants will award the remaining Licenses through two processes Plaintiff challenges in this lawsuit. First, in Phase Three Round Two, Defendants will select applicants through a lottery (the "Lottery"). Second, Defendants will open a second PCN process. Both the Lottery and the PCN Process are unconstitutional, as discussed below.

**A. The Phase Three Round Two Lottery**

*a. The Lottery Favors California Residents*

14. Defendants will award storefront retail cannabis business licenses through the Lottery. LAMC § 104.06.1(c)(1). The requirements to participate in the Lottery favor California residents over residents of other states in violation of the dormant Commerce Clause of the United States Constitution.

15. To be eligible to participate in the Lottery, an applicant must be at least 51% owned by an individual who is a "Social Equity Individual Applicant." LAMC § 104.06.1(c)(3); 104.20(b)(2)(i). A Social Equity Individual Applicant is an individual who has (1) a prior California Cannabis Arrest or Conviction and (2) either (a) Low-Income or (b) ten years' cumulative residency in a Disproportionately Impacted Area. LAMC § 104.06.1(c)(3).

16. California Cannabis Arrest or Conviction means "an arrest or conviction in California for any crime under the laws of the State of California or the United States relating to the sale, possession, use, manufacture, or cultivation of Cannabis that occurred prior to November 8, 2016." LAMC § 104.20(a)(1)(i)(1).

17. Disproportionately Impacted Area means "Police Reporting Districts as established in the Expanded Social Equity Analysis, or as established using the

same methodology and criteria in a similar analysis provided by an Applicant for an area outside of the City." LAMC § 104.20(b)(1)(ii)(4).

18. The Expanded Social Equity Analysis is a report prepared by Wood Environment & Infrastructure Solutions, Inc. presented to the Los Angeles City Council on May 27, 2020. It identified as Disproportionately Impacted Areas 151 police reporting districts in Los Angeles that have greater than the mean number of cannabis-related arrests for the City of Los Angeles and 60 percent or greater Low-Income households.

19. If an applicant wants to have an area outside of the City of Los Angeles designated as a Disproportionately Impacted Area, the applicant must provide an analysis similar to the Expanded Social Equity Analysis at the applicant's own expense.

20. Defendants allowed individuals to apply to be verified as Social Equity Individual Applicants from May 26, 2022, to July 25, 2022. Defendants announced whether the individuals were verified as Social Equity Individual Applicants by a website post on October 24, 2022, on https://cannabis.lacity.org/social-equity-program/program-requirements-and-resources/eligibility-verification-individual.

21. Also on October 24, 2022, Defendants opened the registration period for the Lottery. The registration period will remain open until November 23, 2022.

22. On approximately November 28, 2022, Defendants announced that they will hold the Lottery on December 8, 2022 at 2:00 pm.

   **b. <u>Defendants Refused to Register Mr. Gay for the Lottery in Violation of the U.S. Constitution</u>**

23. As noted above, to be verified as a Social Equity Individual Applicant, individuals were required to submit documentation that they had (1) a

5
COMPLAINT

prior California Cannabis Arrest or Conviction and (2) either (a) Low-Income or (b) ten years' cumulative residency in a Disproportionately Impacted Area.

24. Mr. Gay submitted an application to be verified as a Social Equity Individual Applicant during the May 26, 2022, to July 25, 2022 application window. Mr. Gay satisfies all three requirements, except that the relevant events occurred in Michigan rather than California. Mr. Gay submitted documentation that he was convicted of a cannabis crime under Michigan law. He submitted documentation that he lived for more than ten years in an area the State of Michigan identified as a Disproportionately Impacted Area. He submitted documentation that he has a Low Income.

25. Plaintiffs checked Defendants' Accela system for updates on whether Defendants had approved Mr. Gay as a Social Equity Individual Applicant, but no updates appeared in the system. On October 24, 2022, Plaintiffs learned that Defendants had not verified Mr. Gay as a Social Equity Individual Applicant.

26. Defendants provided a link to register for the Lottery only to individuals who were verified Social Equity Individual Applicants as of October 24, 2022. Without Court intervention, Defendants will exclude Mr. Gay from the Lottery in violation of the dormant Commerce Clause of the U.S. Constitution.

### B. The PCN Process

#### a. The PCN Process Favors California Residents

27. Defendants will award storefront retail cannabis business licenses through the PCN Process. LAMC § 104.06.1(d). The requirements to participate in the PCN Process favor California residents over residents of other states in violation of the dormant Commerce Clause of the United States Constitution.

28.  To be eligible to participate in the PCN Process, an applicant must be partially owned by an individual who is a Social Equity Individual Applicant. LAMC § 104.06.1(d)(1).

29.  As of the filing of this litigation, Section 104.06.1(d)(1) of the Los Angeles Municipal Code states only that the Social Equity Individual Applicant must qualify under Section 104.20 of the Los Angeles Municipal Code.  It is not clear whether Defendants will apply the Original Eligibility Verification requirements of 104.20(a) or the Expanded Social Equity Requirements of Section 104.20(b).

30.  The requirements for an individual to qualify as a Social Equity Individual Applicant under the Expanded Social Equity Requirements are described above for the Lottery.

31.  Under the Original Eligibility Verification, Disproportionately Impacted Areas are defined by zip codes rather than police reporting areas.  LAMC § 104.20(a)(1)(i)(2).  Disproportionately Impacted Area "means eligible zip codes based on the 'More Inclusive Option' as described on page 23 of the 'Cannabis Social Equity Analysis Report' commissioned by the City in 2017 and referenced in Regulation No. 13 of the Rules and Regulations." *Id*.

32.  Defendants published a list of qualifying zip codes within the City of Los Angeles.  As with the Expanded Social Equity Requirements, if an applicant wants to have an area outside of the City of Los Angeles designated as a Disproportionately Impacted Area under the Original Social Equity Requirements, the applicant must provide an analysis similar to the study commissioned by the City.  LAMC § 104.20(a)(1)(i)(2).

33.  Under the Original Eligibility Verification, an individual may qualify under two classifications.  A "Tier 1 Social Equity Individual Applicant" is an

7
COMPLAINT

individual who meets the following criteria at the time of applying for a license: (1) Low-Income and prior California Cannabis Arrest or Conviction; or (2) Low-Income and a minimum of five years' cumulative residency in a Disproportionately Impacted Area.  A "Tier 2 Social Equity Individual Applicant" is an individual who meets the following criteria at time of applying for a license: (1) Low-Income and a minimum of five years' cumulative residency in a Disproportionately Impacted Area; or (2) a minimum of 10 years' cumulative residency in a Disproportionately Impacted Area.  LAMC § 104.20(a)(4-5).

### b. *Mr. Gay Intends to Apply Under the PCN Process*

34.  Mr. Gay intends to apply for a License under the PCN Process when the application period opens.

## FIRST CAUSE OF ACTION

### (Dormant Commerce Clause, 42 U.S.C. § 1983 – Lottery)

### (All Plaintiffs Against All Defendants)

35.  Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

36.  A state, including its subdivisions, may not enact laws that discriminate against citizens of other states. *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

37.  Defendants enacted laws and regulations that provide a preference to California residents over out-of-state residents for the Lottery.  In doing so,

Defendants violated the dormant Commerce Clause of the United States Constitution.

38. Defendants violated Plaintiffs' rights by depriving Mr. Gay of the ability to participate in the Lottery in violation of the dormant Commerce Clause. Plaintiffs have been harmed by Defendants depriving them of the opportunity to obtain and benefit from a License through the Lottery.

39. Injunctive relief is necessary to prevent Defendants from proceeding with the unconstitutional Lottery that favors California residents over out-of-state residents.

## SECOND CAUSE OF ACTION

**(Declaratory Relief, 28 U.S.C. § 2201 - Lottery)**

**(All Plaintiffs Against All Defendants)**

40. Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

41. The Lottery violates the dormant Commerce Clause of the United States Constitution. An actual controversy exists between Plaintiffs and Defendants as to whether Defendants may proceed with the residency preferences and whether Mr. Gay should be in the Lottery.

42. Declaratory relief is necessary to resolve this dispute.

## THIRD CAUSE OF ACTION

**(Dormant Commerce Clause, 42 U.S.C. § 1983 – PCN)**

**(All Plaintiffs Against All Defendants)**

43. Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

44. A state, including its subdivisions, may not enact laws that discriminate against citizens of other states. *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

45. Defendants enacted laws and regulations that provide a preference to California residents over out-of-state residents for the PCN Process. In doing so, Defendants violated the dormant Commerce Clause of the United States Constitution.

46. Defendants violated Plaintiffs' rights by depriving Plaintiffs of the ability to participate in the PCN Process in violation of the dormant Commerce Clause.

47. Injunctive relief is necessary to prevent Defendants from proceeding with the unconstitutional PCN Process that favors California residents over out-of-state residents.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief, 28 U.S.C. § 2201 - PCN)**

**(All Plaintiffs Against All Defendants)**

48. Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

49. The PCN Process violates the dormant Commerce Clause of the United States Constitution. An actual controversy exists between Plaintiffs and Defendants as to whether Defendants may proceed with the residency preferences.

50. Declaratory relief is necessary to resolve this dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For the first claim, an injunction prohibiting Defendants from enforcing any portion of the Los Angeles Municipal Code or any Regulations that favor California citizens over citizens of other states in eligibility or participation in the Lottery.

2. For the second claim, a declaration that the Los Angeles Municipal Code sections referenced herein regarding the Lottery favor California citizens over citizens of other states and cannot be enforced.

3. For the third claim, an injunction prohibiting Defendants from enforcing any portion of the Los Angeles Municipal Code or any Regulations that favor California citizens over citizens of other states in eligibility or participation in the Public Convenience or Necessity process.

4. For the fourth claim, a declaration that the Los Angeles Municipal Code sections referenced herein regarding the Public Convenience or Necessity process favor California citizens over citizens of other states and cannot be enforced.

5. An award of attorneys' fees and costs.

6. For such other and further relief as this Court shall deem appropriate.

DATED: November 29, 2022        KERNKAMP LAW APC

By:     */s/ Christian Kernkamp*
Christian Kernkamp
Attorney for plaintiffs Variscite, Inc. and Kenneth Gay