# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Central California

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 2:22-cv-08685-SPG-SK

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 11/30/2022

Date of judgment or order you are appealing: 02/05/2025

Docket entry number of judgment or order you are appealing: 74

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

☉ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Variscite, Inc. and Kenneth Gay

Is this a cross-appeal?   ○ Yes   ☉ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ☉ No

If yes, what is the prior appeal case number?

Your mailing address (if pro se):

City:            State:            Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Jeffrey M. Jensen   **Date** 02/05/2025

*Complete and file with the attached representation statement in the U.S. District Court*
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 1                                                                    Rev. 06/09/2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Variscite, Inc. and Kenneth Gay

Name(s) of counsel (if any):

Jeffrey M. Jensen
Jeffrey M. Jensen, PC

Address: 9903 Santa Monica Blvd. #890, Beverly Hills, CA 90212

Telephone number(s): (310) 909-7043

Email(s): jeff@jensen2.com

Is counsel registered for Electronic Filing in the 9th Circuit?    ⦿ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

City of Los Angeles; Los Angeles Department of Cannabis Regulation; and Michelle Garakian

Name(s) of counsel (if any):

Hydee Feldstein Soto, City Attorney
Taylor C. Wagniere, Deputy City Attorney
Patrick Hagan, Deputy City Attorney

Address: 221 N. Figueroa St., Suite 1245, Los Angeles, California 90012

Telephone number(s): (408) 616-0621

Email(s): patrick.hagan@lacity.org

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                        1                                    *New 12/01/2018*

# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VARISCITE, INC. AND KENNETH GAY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CANNABIS REGULATION; AND MICHELLE GARAKIAN,<br><br>　　　　　Defendants. | Case No. 2:22-cv-08685-SPG-SK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 54] PLAINTIFFS' FIRST AMENDED COMPLAINT** |

　　　　Before the Court is City of Los Angeles', Los Angeles Department of Cannabis Regulation's, and Michelle Garakian's (collectively, "Defendants") Motion to Dismiss Plaintiffs Variscite, Inc.'s and Kenneth Gay's (collectively, "Plaintiffs") First Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). (ECF No. 54 ("Mot.")). Having considered the parties' submissions and the relevant law, the Court GRANTS Defendants' Motion. For the reasons explained in this Order, the case is dismissed without leave to amend. Any outstanding motions relating to this case (ECF Nos. 62, 67) are dismissed as moot.

/ / /

-1-

I. BACKGROUND

A. Factual Background[1]

Although marijuana remains an illegal, Schedule I narcotic under federal law (*see* Controlled Substances Act, 21 U.S.C. § 812(c)), in 2016, California voters legalized recreational cannabis use within the state. *See generally*, Control, Regulate and Tax Adult Marijuana Act, 2016 Cal. Legis. Serv. A-92 (West). In response to this change in law, many California cities, including Los Angeles, implemented new regulations governing the production, sale, and consumption of recreational cannabis.

Plaintiffs bring this lawsuit to challenge the constitutionality of two processes Defendants use to regulate the sale of recreational cannabis in the City of Los Angeles: the phase three round two lottery (the "Lottery") and the Public Convenience and Necessity process (the "PCN Process"). (ECF No. 52 ("FAC") ¶ 13). Both processes require an applicant business applying for a recreational cannabis business license to be partially owned by a "Social Equity Individual Applicant." (*Id.* ¶¶ 13, 15, 31). "A Social Equity Individual Applicant is an individual who has (1) a prior California Cannabis Arrest or Conviction[2] and (2) either (a) Low-Income, or (b) ten years' cumulative residency in a Disproportionately Impacted Area.[3]" (*Id.* ¶ 15 (citing Los Angeles Mun. Code ("LAMC") §104.06.1(c)(3))).

Sometime between May 26, 2022 and July 25, 2022, Plaintiff Kenneth Gay applied to be verified as a Social Equity Individual Applicant so that he could enter the Lottery.

---

[1] The factual allegations summarized here are drawn from Variscite's First Amended Complaint, which are taken as true for purposes of Defendants' Motion.

[2] A California Cannabis Arrest or Conviction refers to "an arrest or conviction in California for any crime under the laws of the State of California or the United States relating to the sale, possession, use, manufacture, or cultivation of Cannabis that occurred prior to November 8, 2016." (*Id.* ¶ 16 (citing LAMC § 104.20(a)(1)(i)(1))).

[3] A Disproportionately Impacted Area refers to "Police Reporting Districts as established in the Expanded Social Equity Analysis, or as established using the same methodology and criteria in a similar analysis provided by an Applicant for an area outside of the City." (*Id.* ¶ 17 (citing LAMC § 104.20(b)(1)(ii)(4))).

(*Id.* ¶ 24).  Mr. Gay has not yet applied for a license under the PCN Process, but he intends to do so once the application period opens.[4]  (*Id.* ¶ 37).  Like participation in the Lottery, Mr. Gay's eligibility to participate in the PCN Process hinges on whether Mr. Gay meets the parameters of a Social Equity Individual Applicant.[5]  (*Id.*)  Defendants held the Lottery on December 8, 2022, but did not allow Mr. Gay to participate, finding he did not meet the eligibility requirements.  (*Id.* ¶¶ 25, 29).

Plaintiffs contend that "Mr. Gay satisfies all three requirements [for eligibility as a Social Equity Individual Applicant], *except that the relevant events occurred in Michigan rather than California*."  (*Id.* (emphasis added)).  Plaintiffs further argue that both the Lottery and the PCN Process are unconstitutional because "[t]he requirements to participate . . . favor California residents over residents of other states in violation of the [D]ormant Commerce Clause of the United States Constitution."  (*Id.* ¶¶ 14, 46–53).

**B.    Procedural History**

Plaintiffs initiated this action on November 30, 2022, alleging that Defendants' method of awarding licenses is unconstitutional.  (ECF No. 1).  Defendants moved to dismiss, and the Court granted dismissal in part, with leave to amend.  (ECF Nos. 25, 43).

---

[4] Plaintiff's arguments relating to the PCN Process raise justiciability issues, as Mr. Gay has not yet applied for a license under the PCN Process and therefore has yet to sustain any injury caused by Defendants.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992).  However, given Mr. Gay has already been rejected from the Lottery, which relies on the same metric, the Court considers the potential injury from the PCN Process to be sufficiently direct and immediate for the purposes of evaluating the claims.  *See id* at 574 ("The party who invokes the power of judicial review must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement…") (cleaned up).

[5] There are some potential discrepancies between the eligibility requirements for the PCN Process as opposed to the Lottery (for example, whether the City will rely on police reporting districts or zip codes to determine what qualifies as a Disproportionately Impacted Area).  (*Id.* ¶¶ 34–36).  These distinctions are immaterial to the evaluation of Plaintiffs' claims because either set of eligibility requirements would exclude a non-California resident.

On September 9, 2024, the Court noted the similarities between the instant case and *Peridot Tree WA, Inc. v. Washington State Liquor and Cannabis Control Board, et al.* (Case No. 24-3481) which is currently before the Ninth Circuit Court of Appeals. (ECF No. 59). The Court issued an Order to Show Cause as to why the instant case should not be stayed given the similarities between the two cases and directed the parties to submit supplemental briefing on this topic. (*Id.*) The Court appreciates the parties' cooperation with this request. However, in light of the Ninth Circuit's admonition to the district court in *Peridot Tree, Inc. v. City of Sacramento*, 94 F. 4th 916 (9th Cir. 2024) (holding that the trial court's abstention was not warranted under any doctrine), the Court ultimately decided that staying the case would be inappropriate.

On May 15, 2024, Plaintiffs filed a First Amended Complaint bringing the following claims against all Defendants: (1) a claim under 42 U.S.C. § 1983 for violation of the Dormant Commerce Clause by preferencing Californian applicants via the Lottery; (2) a claim under 28 U.S.C. § 2201 for declaratory relief for the constitutional violations identified in the first cause of action; (3) a claim under 42 U.S.C. § 1983 for violation of the Dormant Commerce Clause by preferencing Californian applicants via the PCN Process; (4) a claim under 28 U.S.C. § 2201 for declaratory relief for the constitutional violations identified in the third cause of action. (FAC ¶¶ 38–53). Defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (Mot.) In the alternative, Defendants move to strike Plaintiffs' requests for damages pursuant to Rule 12(f), arguing that the Controlled Substances Act does not permit the calculation of damages in the form of lost profits from the sale of a prohibited substance. (*Id.*). The matter is fully briefed. (*See* ECF No. 56 ("Opp'n"), ECF No. 57 ("Reply")). The Court will analyze the arguments on the merits.

/ / /
/ / /
/ / /
/ / /

## II. LEGAL STANDARD[6]

Dismissal is proper pursuant to Rule 12(b)(6) "when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (citation omitted). If the district court dismisses a case, the court should generally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts," making any potential amendments futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

## III. DISCUSSION

Defendants' Motion raises two main arguments in favor of dismissing Plaintiffs' First Amended Complaint: (1) the Dormant Commerce Clause does not apply to the federally illegal cannabis market, *see* (Mot. ¶¶ 16–21); and (2) even if the Dormant Commerce Clause applied, the Social Equity Program would survive, because it is "narrowly tailored to advance a legitimate local purpose." (*See id.* ¶¶ 22–25); *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 518 (2019) (citations omitted).

/ / /

/ / /

---

[6] Because the Court finds dismissal is warranted under Rule 12(b)(6), it does not provide the legal standard for Rule 12(f).

A.  **Applicability of the Dormant Commerce Clause**

As the United States Court for the Eastern District of California explained in an order dismissing a similar case, "there is no obvious answer" to "whether the Constitution prohibits state and local governments from giving local marijuana businesses and entrepreneurs advantages over non-local competitors." *Peridot Tree, Inc. v. City of Sacramento*, No. 2:22-cv-00289-KJM-SCR, 2024 WL 48457648, at *2 (E.D. Cal. Nov. 21, 2024). Neither the Supreme Court nor the Ninth Circuit Court of Appeals has ruled on this issue, and district courts throughout the country have employed a variety of approaches. *See id.* This Court will briefly contextualize the Dormant Commerce Clause and the proceed to analyzing whether the Clause applies to the recreational cannabis market.

The Dormant Commerce Clause is not explicitly mentioned in the Constitution, however, courts have long inferred its existence as the logical inversion to the Commerce Clause. The Commerce Clause gives Congress the "Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." *See* U.S. Const. art. I, § 8, cl. 3. In imbuing Congress with the power to regulate interstate commerce, courts have reasoned that the Constitution has essentially stripped that power from the states, and that the Constitution implicitly "prohibits state laws that unduly restrict interstate commerce" to "preserve[] a national market for goods and services." *Tenn. Wine & Spirits*, 588 U.S. at 514. "[I]f a state law discriminates against out-of-state goods or nonresident economic actors, the law can be sustained only on a showing that it is narrowly tailored to advance a legitimate local purpose." *Id.* at 518 (cleaned up).

This case presents an interesting legal question: can states be prohibited from restricting an interstate market when no legal interstate market exists? "Many other federal courts have concluded in recent years that the answer must be no." *Peridot Tree v. Sacramento*, 2024 WL 48457648, at *3 (citing *Jensen v. Md. Cannabis Admin.*, 719 F. Supp. 3d 466, 480, 483–85 (D. Md. 2024), *appeal filed*, No. 24-1216 (4th Cir. Mar. 13, 2024); *Variscite NY Four, LLC v. N.Y. State Cannabis Control Bd.*, No. 23-01599, 2024 WL 406490, at *12 (N.D.N.Y. Feb. 2, 2024), *appeal filed*, No. 24-384 (2d Cir. Feb. 15,

2024); *Brinkmeyer v. Wash. State Liquor & Cannabis Bd.*, No. 20-5661, 2023 WL 1798173, at *10–11 (W.D. Wash. Feb. 7, 2023), *appeal dismissed*, No. 23-35162 (9th Cir. Apr. 11, 2023); *Original Invs., LLC v. State*, 542 F. Supp. 3d 1230, 1234–36 (W.D. Okla. 2021)). This Court is similarly persuaded.

Where Congress has prohibited the sale or use of a product under federal law (as is the case here)[7] it does not logically follow "to find that the dormant commerce Clause, drawn from Congress' power to regulate interstate commerce, prevents the states from passing laws which inhibit a market which Congress has already declared prohibited." *Jensen*, 719 F. Supp. 3d at 483. Regarding recreational marijuana, this Court agrees with the court in *Peridot Tree v. City of Sacramento*: "there is no permissible interstate market to protect from state interference." 2024 WL 48457648, at *4; *see also Brinkmeyer*, 2023 WL 1798173, at *13 ("Congress has clearly stated its intent for no interstate cannabis market to exist."). Thus, finding that no legal interstate market exists, the Court concludes that Defendants' Social Equity Program for the distribution of licenses cannot violate the Dormant Commerce Clause, because the Clause does not apply. Accordingly, the Court grants Defendants' Motion.

/ / /

/ / /

---

[7] The Court acknowledges that the Controlled Substances Act is "no longer the broad and comprehensive ban it once was" and that Congress has barred the United States Department of Justice from using appropriated funds "to prevent any [states] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *Peridot Tree v. City of Sacramento*, 2024 WL 48457648, at *5; *Ne. Patients Grp.*, 45 F.4th at 547–48 (quoting Consolidated Appropriations Act, 2024, Pub. L. No. 118-42, § 531, 138 Stat. 25 (2024)). However, the Controlled Substances Act has not been modified or appealed, nor has the federal government reclassified marijuana in such a way as to allow for the presence of an interstate market. Moreover, this case concerns the retail sale and distribution of recreational, rather than medical, marijuana. Accordingly, this Court must accept Congress has continued to outlaw all forms of marijuana at the national level, despite any state laws to the contrary.

**B.     Narrowly Tailored**

Because the Dormant Commerce Clause does not apply, the Court does not reach the question of whether Defendants' Social Equity Program is sufficiently narrowly tailored to advance a legitimate local purpose.

**C.     Leave to Amend**

Because the illegality of the recreational cannabis market is well-established under federal law and not subject to factual debate, the Court concludes that Variscite would not be able to present any additional facts that would save this case from dismissal. Thus, finding all possible amendments futile, the Court denies leave to amend.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED without leave to amend. The case is dismissed with prejudice. The case is hereby CLOSED. Variscite's motions to expedite discovery and to file documents under seal (ECF Nos. 62 and 67) are dismissed as moot.

**IT IS SO ORDERED**

Dated: February 4, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE